UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **LAURA GIPSON and KIRSTEN FROST**<br>c/o their attorneys Tittle & Perlmuter<br>4106 Bridge Avenue<br>Cleveland, OH 44113<br><br>On behalf of themselves and all others similarly situated,<br><br>             Plaintiff,<br>  v.<br><br>**DMD MANAGEMENT, INC.**<br>c/o its Statutory Agent<br>Eliav Sharvit<br>12380 Plaza Drive<br>Parma, OH 44130<br><br>  -and-<br><br>**OREGON HEALTH INVESTORS CO.**<br>c/o its Statutory Agent<br>Eliav Sharvit<br>12380 Plaza Drive<br>Parma, OH 44130<br><br>             Defendants. | CASE NO.<br><br>JUDGE<br><br>Magistrate Judge<br><br>**PLAINTIFFS' CLASS AND COLLECTIVE ACTION COMPLAINT UNDER THE FAIR LABOR STANDARD ACT AND STATE LAW WITH JURY DEMAND** |

Plaintiffs Laura Gipson and Kirsten Frost, through counsel, for their Class and Collective Action Complaint against Defendants Oregon Health Investors Co. and DMD Management, Inc. (together "Defendants"), state and allege as follows:

## INTRODUCTION

1. This case challenges Defendants' practices by which they willfully violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the Ohio Constitution art. II, § 34a,

1

the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, and Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15.

2. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiffs brings this case on behalf of themselves and other "similarly-situated" persons who may join the case pursuant to § 216(b) (the "Potential Opt-Ins").

3. Plaintiffs also brings this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of herself and other members of a class of persons, defined herein, who assert factually-related claims under Ohio's overtime compensation statute, and Ohio's Prompt Pay Act.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. This Court has supplemental jurisdiction over Plaintiffs' state-law claims because those claims are so related to the FLSA claims as to form part of the same case or controversy.

6. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because Defendant DMD Management, Inc. is headquartered and therefore resides in this district and division.

## PARTIES

7. At all times relevant, Plaintiffs were citizens of the United States and Ohio residents and, as described below, employees of both Defendants, working at Defendants' skilled nursing, long-term care, and rehabilitation facility known as Orchard Villa, in Oregon, Ohio.

8. Defendant Oregon Health Investors Co. is a domestic corporation that conducts business in Ohio and owns Orchard Villa. According to records maintained by the Ohio Secretary of State, Oregon Health Investors Co.'s statutory agent for service of process is Eliav Sharvat, whose mailing address is 12380 Plaza Drive, Parma, Ohio.

9. Defendant DMD Management, Inc. ("DMD") is a domestic limited liability company that is headquartered in Cuyahoga County, Ohio and, at all times relevant, maintained operational and managerial control over various nursing facilities throughout Ohio and their respective employees, including Orchard Villa. The chain of nursing homes operated by DMD is known as Legacy Health Services. According to records maintained by the Ohio Secretary of State, DMD's statutory agent for service of process is also Eliav Sharvat, and his mailing address in his capacity as agent for DMD is also 12380 Plaza Drive, Parma, Ohio.

## FACTUAL ALLEGATIONS

### Defendants' Status as "Employers"

10. Defendant Oregon Health Investors Co. was an "employer" of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2), as it is listed as the W-2 employer of both Plaintiffs.

11. Defendant DMD was also an "employer" of Plaintiffs, the Potential Opt-Ins, and the Potential Class Members pursuant to 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D)(2) in that it "act[ed] directly or indirectly in the interest of an employer in relation to…employee[s]," including Plaintiffs, the Potential Opt-Ins, and the Ohio Class Members.

12. At all times relevant, both Defendants were, individually and jointly, an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

**Defendants' Joint Enterprise of Nursing Home Ownership/Operation and Formation of an Integrated Enterprise**

13. As stated above, DMD operates and manages, including through their affiliates and subsidiaries like Oregon Health Investors Co., 11 skilled nursing and rehabilitation centers throughout Ohio, including Orchard Villa.

14. According to submissions to the Centers for Medicare and Medicaid Services ("CMS"), DMD acknowledges that it exercises operational/managerial control over all of those facilities.

15. DMD shares overlapping ownership and management with all of the 11 facilities. For instance, Bruce Draskal is President of both Defendants.

**Plaintiffs' Employment and Positions with Defendants**

16. During the time period relevant to this case, Plaintiff Laura Gipson was hired to work for Defendants at Orchard Villa as a Staff Development Coordinator, and Plaintiff Kirsten Frost was hired to work for Defendants at Orchard Villa as a Unit Manager.

17. Both were paid by Defendants on an hourly basis. Ms. Gipson was paid $28 per hour, and Ms. Frost was paid $34 per hour.

18. Both Plaintiffs were hired in March 2021, and both left employment with Defendants in September 2021.

**Defendants' Failure to Pay Hourly Staff for All Hours Worked**

19. Defendants regularly schedule hourly staff, including Plaintiffs, to work 40 hours per workweek.

20. The demands of the job required Plaintiffs and many hourly staff to work beyond their scheduled hours, more than 40 hours per week.

21. Both Plaintiffs were non-exempt from overtime pay, and their offer letters from Defendants stated as much.

4

22. When either Plaintiff's working hours totaled 40 or less hours per workweek, Defendants paid Plaintiffs their hourly rate multiplied by the number of clocked hours.

23. When either Plaintiff's working hours exceeded 40 hours per workweek, Defendants paid Plaintiffs for only 40 hours at their regular hourly rate.

24. The FLSA and Ohio law required Defendants to pay its employees for all hours they were "suffer[ed] or … permit[ted] to work." 29 U.S.C. § 203(g); O.R.C. § 4111.03(D)(1).

### The Willfulness of Defendants' Violations

25. Defendants knew that Plaintiff, the Potential Opt-Ins, and the Potential Class Members were entitled to compensation for all hours worked and overtime compensation for hours over 40 in a workweek under both federal and state law, or acted in reckless disregard for whether they were so entitled.

26. Defendants intentionally and willfully circumvented the requirements of the FLSA and state law. Defendants designed their scheduling, timekeeping, and payroll policies and practices in an attempt to reduce employees' paid hours and circumvent federal and state wage-and-hour laws.

### COLLECTIVE ACTION ALLEGATIONS

27. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

28. Plaintiffs bring this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability "prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of themselves and other employees similarly situated."

29. Plaintiffs bring their collective action claims on behalf of a group of employees of which both of them are members.

30. The Potential Opt-Ins who are "similarly situated" to Plaintiffs with respect to Defendants' FLSA violations consist of:

> All hourly employees of one or more of the Defendants during the period three years preceding the commencement of this action to the present who were not paid regular and/or overtime pay, in one or more workweeks, for their hours exceeding forty in a workweek.

31. With respect this collective group, such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were subject to and injured by Defendants' unlawful timekeeping and payroll practices, and all have the same claims against Defendants for unpaid minimum wages and overtime compensation, as well as for liquidated damages, attorneys' fees, and costs.

32. Conditional certification of all three groups as collective actions pursuant to 29 U.S.C. § 216(b) is proper and necessary, such that all such persons should be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

33. Upon information and belief, the number of similarly-situated persons in each collective group exceeds 50 persons.

## CLASS ACTION ALLEGATIONS

34. Plaintiffs incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiffs brings this case on behalf of herself and other members of a proposed classes defined as:

> All hourly employees of one or more of the Defendants during the period three years preceding the commencement of this action to the present who were not paid regular and/or overtime pay, in one or more workweeks, for their hours exceeding forty in a workweek.

36. The Class is so numerous that joinder of all Class Members is impracticable.

6

Plaintiffs aver, upon information and belief, that the Class totals more than 50 employees of Defendants. The number of Class Members as well as their identities are ascertainable from records Defendants have maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 215.2; Ohio Const. art. II, § 34a.

37. Questions of law or fact common to the Class predominate.

38. Those questions include, but are not limited to:

   a. Whether Defendants were required to pay Plaintiffs and the Class Members one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek;

   b. Whether Defendants violated Ohio law by failing timely to pay Plaintiffs and the Class Members for all hours worked on a semi-monthly basis, and never rectified that failure to pay in a timely manner; and

   c. Whether Defendants deprived Plaintiffs and other the Class Members of overtime compensation at one and one-half times their "regular rate" for hours worked in excess of forty hours in a workweek.

39. Plaintiffs are members of the Class, and their claims are typical of the claims of other members of the Class. Plaintiffs' claims arise out of the same uniform courses of conduct by Defendants as the claims of the Class, and are based on the same legal theories, as the claims of other Class Members.

40. Plaintiffs will fairly and adequately protect the interests of the Class. Plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other Class Members in the Class. Plaintiffs' counsel has broad experience in handling class action litigation, including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Class in this case.

41. The questions of law or fact that are common to the Class predominate over any questions affecting only individual members. The primary questions that will determine Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually.

43. Certification of this case as a class action pursuant to FED. R. CIV. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

44. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

45. Plaintiffs bring this claim for violation of the FLSA's overtime provisions on behalf of herself and the Potential Opt-Ins who may join this case pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents to be parties to this action pursuant to § 216(b) are filed herewith.

46. The FLSA required Defendants to pay their non-exempt employees overtime compensation at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207(e)(3); 29 C.F.R. § 778.117.

47. Defendants failed to pay requisite overtime compensation to Plaintiffs and the Potential Opt-Ins for all hours worked in excess of forty hours in a workweek. As more fully described above, Defendants, in violation of law, failed to pay certain hourly staff any pay overtime premium pay, failed to pay these employees for all hours suffered or permitted to work, and failed to pay these employees for all hours suffered or permitted to work.

48. By engaging in these practices, Defendants willfully violated the FLSA and regulations thereunder that have the force and effect of law.

49. As a result of Defendants' violations of the FLSA, Plaintiffs and the Potential Opt-

8

Ins were injured in that they did not receive overtime compensation due to them pursuant to the FLSA. Section 216(b) of the FLSA entitles them to an award of unpaid overtime compensation, as well as "an additional equal amount as liquidated damages." Section 216(b) further provides that "[t]he court … shall … allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

50. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

51. Plaintiffs brings this claim for violation of the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, on behalf of herself, the Potential Opt-Ins, and the members of the Class.

52. At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03.

53. Defendants violated the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.03, by failing to pay all overtime compensation to certain hourly employees when due, by failing to pay certain hourly staff for all hours suffered or permitted to work, and by failing to pay certain hourly staff for all hours suffered or permitted to work.

54. Defendants' violations of Ohio Rev. Code Ann. § 4111.03 injured Plaintiffs, the Potential Opt-Ins, and the members of the Class in that they did not receive overtime compensation due to them pursuant to that statute.

55. Ohio Rev. Code Ann. § 4111.10(A) provides that Defendants, having violated Ohio Rev. Code Ann. § 4111.03, are "liable to the employee[s] affected for the full amount of the overtime wage rate, less any amount actually paid to the employee[s] by the employer, and for costs and reasonable attorney's fees as may be allowed by the court."

## COUNT THREE
### (Ohio Prompt Pay Act Violations)

56. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

57. Ohio's Prompt Pay Act, Ohio Rev. Code Ann. § 4113.15(A), provides that "[e]very employer doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

58. Defendants failed to pay all wages due under Ohio's Prompt Pay Act to Plaintiffs and the members of the Class, which entitles them to the unpaid wages, plus "an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater."

## COUNT FOUR
### (Ohio Record-Keeping Violations)

59. Plaintiffs incorporate by reference the foregoing allegations as if fully rewritten herein.

60. The OFMWA required Defendants to maintain accurate and complete records of employees' time. Ohio Const. art. II, § 34a.

61. Defendants violated the OFMWA record-keeping requirement by failing to maintain accurate and complete records of its hourly employees' working time.

62. As a result of Defendants' record-keeping violations, Plaintiffs and the members of the Class were injured in that Defendants do not have accurate and complete records of their working hours.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that the Court:

A. Certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) anddirect that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to FED. R. CIV. P. 23 on behalf of Plaintiffs and other members of the Class;

C. Enter judgment against Defendants and in favor of Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class;

D. Award compensatory damages to Plaintiffs, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount;

E. Award pre- and post-judgment interest; and

F. Award Plaintiffs their costs and attorneys' fees incurred in prosecutingthis action and such further relief as the Court deems equitable and just.

Respectfully submitted,

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)
4106 Bridge Avenue
Cleveland, OH 44113
216-308-1522
Fax: 888-604-9299
scott@tittlelawfirm.com

Attorneys for Plaintiff

## JURY DEMAND

Plaintiffs hereby demands a trial by jury on all issues so triable.

*/s/ Scott D. Perlmuter*
Scott D. Perlmuter (0082856)